UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-80059-CV-MARRA

ALEXANDER KENT CLAPP and JASON CLAPP,
as co-personal representatives of the Estate of KENT
W. CLAPP, deceased,

Plaintiffs,

v.

WEBSTA'S AVIATION SERVICES, INC.,
RAMO, LLC, WARREN MOSLER, and
RAINBOW INTERNATIONAL AIRLINES, INC.,

Defendants.
_____/

**OPINION AND ORDER**

This cause is before the Court upon Defendant Ramo, LLC's Motion for Attorney's Fees and Costs and to Stay the Proceedings (DE 14).  The motion is fully briefed and ripe for review. The Court has carefully considered the motion and is otherwise fully advised in the premises.

I.  Background

On December 1, 2009, Alexander Kent Clapp and Jason Clapp, as Co-Personal Representatives of the Estate of Kent W. Clapp ("Clapp"), filed a complaint in United States District Court for the Northern District of Ohio (hereinafter, "case number 09-cv-02795-CAB") against Defendants Websta's Aviation Services, Inc. ("Websta") and Ramo, LLC ("Ramo") alleging causes of action of wrongful death resulting from a December 3, 2008 plane crash. After filing an answer, Ramo filed a motion to dismiss for improper venue or, alternatively, for lack of personal jurisdiction.  In making that motion, Ramo stated that the Southern District of Florida would be a proper venue and requested, among other relief, that the case be transferred to

this district.  (DE 21 in case number 09-02795-CAB.)

Prior to the court in the Northern District of Ohio ruling on that motion, Clapp requested that Ramo stipulate to a voluntary dismissal without prejudice of their claims, and on January 26, 2011, pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure, Clapp filed a stipulation for voluntary dismissal of any and all claims against Ramo, which that court accepted. (Ex. A. and B, DE 14 in case number 11-cv-80059-KAM; DE 41 in case number 09-02795-CAB.)   Subsequently, Clapp filed a complaint and then an amended complaint in Florida state court, which Ramo removed to this Court. (DE 1 in case number 11-cv-80059-KAM.)

Ramo now seeks attorney's fees and costs pursuant to Rule 41(d) of the Federal Rules of Civil Procedure, as well as an order staying the case until Clapp has paid these sums in full. In so moving, Ramo contends Clapp engaged in "forum shopping" by initially bringing this action in Ohio, which resulted in "extensive motion practice."  Additionally, Ramo posits that Clapp elected to voluntarily dismiss the Ohio action rather "than risk an unfavorable ruling on Ramo's motion to dismiss and being precluded from bringing that action in a proper venue." (Mot. at 3.) As a result, Ramo has "needlessly expend[ed] significant sums of money." (Mot. at 4.)

II.  Discussion

Rule 41 of the Federal Rules of Civil Procedure provides, in relevant part:

**Rule 41. Dismissal of Actions**

**(a) Voluntary Dismissal**

**(1)** *By the Plaintiff*

(A) **Without a Court Order**. Subject to Rules 23(e), 23.1(c), 23.2 and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing

. . .

(ii) a stipulation of dismissal signed by all parties who have appeared.

. . .

(d) **Costs of a Previously Dismissed Action**. If a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court:

(1) may order the plaintiff to pay all or part of the costs of that previous action; and
(2) may stay the proceedings until the plaintiff has complied.

While Rule 41 permits a district court to order payment of costs of the previously dismissed action before allowing the second action to proceed, such a determination is a matter of discretion for the court. See Esposito v. Piatrowski, 223 F.3d 497, 502 (7th Cir. 2000); Evans v. Safeway Stores, Inc., 623 F.2d 121, 122 (8th Cir. 1980); Hagopian v. Smith, No. 05-CV-74025-DT, 2007 WL 3026093, at * 3 (E.D. Mich. Oct. 15, 2007); Wishneski v. Old Republic Ins. Co., No. 5:06-cv-148-Oc-10-GRJ, 2006 WL 4764424, at * 4 (M.D. Fla. 2006); Lozano v. American Express Travel Related Svcs., Inc., No. CV 02-0039-HA, 2002 WL 31968994, at * 2 (D. Or. 2002); Esquivel v. Arau, 913 F. Supp. 1382, 1386 (C.D. Cal. 1996).

When this case was before the Northern District of Ohio. Ramo moved to transfer the case based on improper venue pursuant to 28 U.S.C. § 1406.[1] Had the Northern District of Ohio granted that motion and transferred the case to this district, Ramo would not have been entitled to costs. Instead, the parties opted to stipulate to a dismissal of the case without prejudice. In entering into that stipulation, the parties did not condition the dismissal and refiling of the case in

---

[1] Ramo's motion stated, "Because this action was initiated in an improper venue, pursuant to 28 U.S.C. § 1406(a) these cases should be dismissed or, alternatively, transferred to one of the proper venues mentioned above." (DE 21 at 9-10, case no. 09-02795-CAB.). The Court may take judicial notice of documents filed in another court. United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994).

this court on Clapp's payment of costs or attorney's fees.  See Brown v. Cabell Fin. Corp., No. 5:05 CV 962, 2010 WL 1486486, at * 2 (N.D. Ohio 2010) (declining to enter award of costs and stay under Rule 41(d) when the defendants stipulated to the plaintiff's dismissal without prejudice).  Nor did Ramo withhold its consent to the stipulation, require Clapp to seek dismissal pursuant to Rule 41(a)(2), or request from the initial court an award of costs.  To the contrary, Ramo agreed to the dismissal without prejudice.  Because a transfer to the Southern District of Florida accomplished the same relief Ramo sought in its motion pursuant to 28 U.S.C. § 1406, Ramo cannot be heard to complain.  For this reason, the Court exercises its discretion and chooses not to award Ramo costs and a stay of the case pursuant to Rule 41(d).

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant Ramo, LLC's Motion for Attorney's Fees and Costs and to Stay the Proceedings (DE 14) is **DENIED**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 6th  day of June, 2011.

_____
KENNETH A. MARRA
United States District Judge